| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

United States of America, §
§
Plaintiff, §
§
versus § Criminal H-98-85-2
§
James Earl Conley, III, §
§
Defendant. §

## Order Denying Writ of Coram Nobis

1. On November 9, 1998, a jury found James Earl Conley, III, guilty of mail fraud and conspiracy to commit mail fraud. In 2004, he was re-sentenced. He has moved to vacate the conviction.

2. At trial Lucita Uy and Sarah Montebello – the sisters who ran the daily operations of the scheme – testified against Conley. Marlan Jackson, who had helped run the law firm, also testified. His testimony gave context to the case against Conley, but he knew little about Conley's participation.

3. In 2010, Conley talked with Jackson. He told Conley for the first time that in his initial conversations with the government he had defended Conley and that he had been threatened with ten years in prison if he did not testify against Conley.

4. Conley says that the government suppressed (a) Jackson's statements exculpating him and (b) its threat to Jackson. He says that the government deprived him of impeachment evidence because it did not disclose these facts. He says that his conviction should be vacated because if he had been told those facts a different verdict would have been reasonably probable.

5. In his motion, Conley complains about being a felon. He cannot practice law in Texas and Pennsylvania. His wife divorced him. He cannot be a judge, appear at immigration hearings,

be a police officer, or be a notary. The judgment for $300,000 in restitution has ruined his credit rating.

6. Jackson's statements are twelve-year-old gossip. Even if he were to recant under oath, Jackson could not waive all of the evidence against Conley. He admitted at trial that he did not know what happened between Uy and Conley. He was not a principal at the firm and knew little of Conley's dealings. Jackson testified that he had pleaded guilty in exchange for a recommendation of a lesser sentence. Conley had everything he needed to impeach Jackson and listened to him at trial; he has discovered nothing.

7. Conley cannot show a remote probability of a different result if he had been told about the conversation between Jackson and the government.[1] Jackson was one of several witnesses against Conley; the evidence against him was overwhelming. The court's confidence in the verdict remains secure.

8. Conley has not offered an error – much less one of fundamental character – that justifies overturning his conviction.[2] As a felon, he faces professional and societal reprobation. Those consequences are derived from his choice to defraud insurance companies.

Signed on June 25, 2012, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[1] *Kyles v. Whitley*, 514 U.S. 419, 433–434 (1995); *United States v. Bagley*, 473 U.S. 667, 682 (1985).

[2] 28 U.S.C. § 1651(a) (2012); *United States v. Morgan*, 346 U.S. 502, 512 (1954).